UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-120-KSF

ELESHA ENGLAND                                                                                          PLAINTIFF

v.                                               **OPINION & ORDER**

ORTHO-McNEIL-JANSSEN
PHARMACEUTICALS, INC., *et al*                                                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of Plaintiff, Elesha England, to remand this matter to state court. The Defendants, Ortho-McNeil-Janssen Pharmaceuticals, Inc., Janssen-Cilag Manufacturing, LLC, and ALZA Corporation (collectively the "Defendants"), oppose England's motion. For the reasons set forth below, England's motion to remand will be denied.

**I.       PROCEDURAL BACKGROUND**

England originally filed this products liability action in the Scott Circuit Court on February 22, 2011 [DE #1-1]. In her Complaint, she alleges that she suffered injuries after being prescribed and taking a medication manufactured, marketed, and distributed by the Defendants. Her Complaint does not allege a precise amount of damages. On April 1, 2011, the Defendants filed their Notice of Removal, stating that the Complaint showed a complete diversity of citizenship among the parties and an amount in controversy in excess of $75,000.00 [DE #1].

This case has proceeded with discovery. On December 19, 2011, England filed her motion to remand. While England concedes that removal was proper at that time because "it was believed

by the parties that the amount of damages at issue in this case was in excess of $75,000.00," she contends that the Court no longer has subject matter jurisdiction over this matter because "her medical condition has improved and she is no longer claiming that she is entitled to an amount of damages in excess of $75,000.00" [DE #8]. The Defendants oppose England's motion on the grounds that allegations of improvement in England's medical condition are not sufficient to relieve this Court of subject matter jurisdiction over this action and do not require a remand to state court.

## II.     ANALYSIS

To establish subject matter jurisdiction based on diversity of citizenship, the amount in controversy must be at least $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction under section 1332 is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). When considering motions to remand, the district court must scrutinize "whether the action was properly removed in the first place." *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

The plaintiff concedes that at the time of removal she believed the amount in controversy was in excess of $75,000.00. Now, after discovery, the plaintiff contends that her condition has improved and she is no longer claiming that she is entitled to an amount of damages in excess of $75,000. However, the law in this circuit is clear - the amount in controversy is evaluated at the time of removal. *Northup Props, Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 769-70 (6th Cir. 2009)(considering the amount in controversy "at the time of removal" on a motion to remand); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822(6th Cir. 2006)("In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal."). Because there

is no dispute that the amount in controversy was in excess of $75,000 at the time of removal, the plaintiff's motion to remand will be denied.

III.     CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that the plaintiff's motion to remand [DE #8] is hereby **DENIED**.

This January 26, 2012.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge